**Oscar SPIKER, Appellant (Defendant below),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 3511.**

Supreme Court of Wyoming.

May 19, 1967.

George L. Zimmers of Corthell, King & Zimmers, Laramie, for appellant.

Dean W. Borthwick, Atty. Gen., Jack Speight, Asst. Atty. Gen., Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

PER CURIAM.

Defendant, Oscar Spiker, was convicted of breaking and entering in violation of § 6–130, W.S.1957, having previously been four times convicted of a felony within the provisions of § 6–10, W.S.1957, the earlier convictions being presented in evidence by the State during the course of the trial in chief with no objection from the defendant, who was represented by counsel. This appeal challenges the procedure of submitting at the trial evidence of previous offenses, and the judgment sentencing the defendant is charged to have deprived him of the substantial and fundamental right to be tried by an impartial jury. Counsel for the defendant in the appeal has presented able and carefully reasoned arguments calling to question the practice of disclosing to the jury prior to the determination of guilt a fact that defendant had been convicted of previous felonies.

In Waxler v. State, 67 Wyo. 396, 224 P.2d 514, the defendant, convicted under the same statute as is in issue here, claimed that the paragraphs describing the several crimes of which he had been previously convicted should have been deleted from the information and nothing said about them until the defendant was convicted of the crime charged in the information. To this Judge Riner said, 224 P.2d at 518, "there are several answers to the contrary of this contention that must be made." The holding as we interpret it was clear that the procedure, similar to that followed in the instant case, was proper.

The United States Supreme Court in three recent consolidated cases considered appeals charging that the allegation and reading of the prior offenses and evidence relating thereto was prejudicial error.[1] The decision was that it would be a wholly unjustifiable encroachment on the constitutional power of the state for that court to promulgate its rules of evidence.

Considering the mentioned holdings, we find no merit in the contention of the defendant that to present to the jury evidence of defendant's prior criminal record before the jury had reached a verdict on the of-

[1]. Spencer v. State; Bell v. State; Reed v. Beto, Nos. 68, 69, and 70 (1966) 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

fense of breaking and entering was prejudicial error and destroyed the impartiality of the jury to the extent that defendant was deprived of due process of law.

Affirmed.